UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY BARTALINO,

        Plaintiff,

v.

CITIZENS INSURANCE
COMPANY OF THE MIDWEST,

        Defendant.
                                  /

Case No. 2:19-cv-13431

HONORABLE STEPHEN J. MURPHY, III

## OMNIBUS OPINION AND ORDER

Plaintiff alleged that Defendant breached the parties' no-fault insurance contract. ECF 15. After the Rule 16 scheduling conference, the parties filed summary judgment motions, and after discovery closed, Defendant filed another summary judgment motion with leave of the Court. ECF 12 (order granting leave), 17 (Defendant's first summary judgment motion), 18 (Plaintiff's summary judgment motion), 28 (Defendant's second summary judgment motion). The Court reviewed the briefing and finds that a hearing is unnecessary. *See* E.D. Mich. L.R. 7.1(f). For the following reasons, the Court will grant in part and deny in part the motions.

### BACKGROUND

Plaintiff was injured in an automobile accident and alleged that he had a no-fault insurance policy with Defendant and a medical insurance policy through his employer. ECF 15, PgID 90, 92–93. Plaintiff claimed that Defendant refused to pay his insurance claim because it "denied that it [was] the insurer with the priority legal

1

responsibility to pay medical expenses incurred by Plaintiff for treatment of the injuries he sustained in the subject collision." *Id.* at 94. Defendant does not dispute that it refused to pay the claims and alleges that it "may not be the insurer of highest priority" for Plaintiff's claim. ECF 16, PgID 120. Both parties filed motions for summary judgment. ECF 17, 18. And, after discovery closed, Defendant filed a second summary judgment motion with leave of the Court and argued that Plaintiff's claims are barred because he committed fraud when he applied for benefits, and that his expert witness, Dr. Vittorio Morreale, should be disqualified from testifying as an expert. ECF 28.

## LEGAL STANDARD

Summary judgment is proper if the movant shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material for purposes of summary judgment if its resolution would establish or refute an "essential element[] of a cause of action or defense asserted by the parties[.]" *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quotation omitted).

The Court must view the facts and draw all inferences in the light most favorable to the non-moving party. *Stiles ex rel. D.S. v. Grainger Cnty.*, 819 F.3d 834, 848 (6th Cir. 2016) (citation omitted). The Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). And although the Court may not make credibility judgments or weigh the evidence, *Moran v. Al Basit LLC*, 788 F.3d

2

201, 204 (6th Cir. 2015), a mere "scintilla" of evidence is insufficient to survive summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff," *Anderson*, 477 U.S. at 252.

## DISCUSSION

The Court will address the parties' motions independently because they deal with unrelated issues.

I. <u>Defendant's First Motion for Summary Judgment</u>

Defendant argues that it is entitled to summary judgment on two grounds. First, Defendant argues that some of Plaintiff's claims are barred by the "one-year back" rule under Michigan law, and second, Defendant argues that Plaintiff's claim under the Michigan Uniform Trade Practice Act, Mich. Comp. Laws § 500.2005, ("UTPA") must fail because Plaintiff lacks a private right of action. ECF 17, PgID 129.

*A. Claims Under the One-Year Back Rule*

The 1973 version of the one-year back rule states that "the claimant may not recover benefits for any portion of the loss incurred more than [one] year before the date on which the action was commenced." Mich. Comp. Laws § 500.3145(1) (1973), *amended* by Mich. Comp. Laws § 500.3145 (2019). Although the statute was amended in 2019, the parties both agree that the 1973 version applies here. And Defendant argues that any claims which accrued more than one year before the filing of Plaintiff's complaint should be barred. ECF 17, PgID 134. Plaintiff agrees that any claims which accrued more than one year before he filed the complaint should be barred. *See* ECF 21, PgID 389. He does, however, argue that he is entitled to recovery

3

for any claim that accrued within one year of the complaint's filing. *Id.* at 390. Because there is no actual dispute of the matter, the Court will grant Defendant's motion and find that, under the text of § 500.3145(1) (1973), Plaintiff may not recover benefits for any claim or loss incurred more than one year before the present case was filed.

   *B. Michigan UTPA Claim*

For Defendant's second ground, it argues that Plaintiff lacks a private right of action under the UTPA, and that it is therefore entitled to summary judgment on the UTPA penalty interest claim. ECF 17, PgID 134. But Defendant's argument is misplaced. Plaintiff is suing his own insurance carrier for contractual insurance benefits. ECF 15. And it is well established under the plain text of the UTPA that "if the claimant is the insured and benefits are not paid on a timely basis, the claimant is entitled to 12% penalty interest." *Nickola v. MIC Gen. Ins. Co.*, 500 Mich. 115, 131 (2017). The plain language dictates that Plaintiff has a right to bring a claim for twelve percent penalty interest, and as a result, Defendant is not entitled to summary judgment on the UTPA claim.

II.   Plaintiff's Motion for Summary Judgment

Plaintiff argues there is no dispute that Defendant is the insurer of priority over his ERISA health insurance policy and thus Defendant must pay the claim. ECF 18, PgID 141. Second, he argues there is no dispute that Defendant should reimburse him for any money he had to pay to his medical insurer for bills arising from the accident. *Id.* The Court will address each issue in turn.

### A. *Priority Insurer*

To start, Plaintiff attached the 2019 ERISA plan to the summary judgment motion. *See* ECF 18, PgID 173–314. The 2019 plan specifically disavowed coverage for "[s]ickness or loss covered by state workers' compensation law or automobile insurance." *Id.* at 227–29. Defendant responded that the 2014 ERISA plan covers the injuries because the accident occurred before the 2019 plan was adopted. ECF 20, PgID 357. Defendant further argues that because the 2014 plan contains different language than the 2019 plan, the Court cannot rule on it because Plaintiff did not submit the 2014 plan as evidence. *Id.* at 358–64. Plaintiff did, however, attach the 2014 plan to his reply brief. ECF 22, PgID 422–534.

"When new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated, a problem arises with respect to Federal Rule of Civil Procedure 56(c)." *Mirando v. U.S. Dep't of Treasury*, 766 F.3d 540, 548 (6th Cir. 2014) (quoting *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003)). But Plaintiff did not prevent Defendant from responding to arguments surrounding the 2014 plan. In fact, *Defendant* argued in its response brief that the 2014 plan applied. ECF 20, PgID 357. Thus, there was no surprise and Defendant knew of the 2014 plan.

On that basis, the Court may review both the 2019 and 2014 plans. And both plans had similar language that stated "[s]ickness or loss covered by state workers' compensation law or automobile insurance[]" was not covered by the medical plan. ECF 18, PgID 229 (2019 plan); ECF 22, PgID 513 (2014 plan). The Sixth Circuit has

5

held "that when a traditional insurance policy and a qualified ERISA plan contain conflicting coordination of benefits clause[s], the terms of the ERISA plan, including its [coordination of benefits] clause, must be given full effect." *Auto Owners Ins. Co. v. Thorn Apple Valley, Inc.*, 31 F.3d 371, 374 (6th Cir. 1994). The ERISA plan disavows coverage for any loss covered by the no-fault policy, and because ERISA preempts the no-fault plan, Defendant has primary responsibility for the pending claim. *See McClure v. United Parcel Serv. Flexible Benefits Plan*, 162 F. Supp. 3d 607, 612 (W.D. Mich. 2016) (finding that the no-fault carrier had the primary responsibility to pay plaintiff's medical bills when the ERISA plan had a coordination of benefits provision "which provide[d] that there shall be no liability if the risk is covered by other insurance") (quotations omitted). Because the ERISA plan here expressly disavowed liability if other insurance covered the injury, Plaintiff is entitled to summary judgment, and Defendant must assume the priority insurer role.

### B. Reimbursement

Plaintiff alleged that the ERISA plan has "asserted a right of reimbursement" against a $25,000 tort settlement that Plaintiff recovered from the accident. ECF 18, PgID 145. Plaintiff also asserted that Defendant must reimburse anything that he must pay to the ERISA plan. *Id.* But Plaintiff supplied no evidence that the ERISA plan sought to recover the $25,000. Rather, he simply made blanket assertions and did not "show[] that there [was] no[] genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). Due to the lack of evidence, Plaintiff is not entitled to summary judgment on his reimbursement claim.

6

III.     Defendant's Second Motion for Summary Judgment

After discovery closed, and with leave of the Court, *see* ECF 12, PgID 60, Defendant filed a second motion for summary judgment and a motion to strike Plaintiff's expert, Dr. Vittorio Morreale, ECF 28. The Court will first address the summary judgment motion and then, if necessary, the motion to strike.

*A. Motion for Summary Judgment Based on Fraud*

Defendant argues it is entitled to summary judgment based on the terms of the insurance contract because Plaintiff made a false statement when he applied for benefits and Plaintiff's doctor made false statements during discovery. ECF 28, PgID 725–39. But Defendants arguments must fail as they apply to Plaintiff's claim for mandatory no-fault personal injury protection benefits because Defendant cannot revoke the insurance policy based on Plaintiff's fraud. A rescission based on fraud provision in a no-fault policy "is 'invalid and unenforceable' to the degree a no-fault insurer seeks to apply it to allegations of postprocurement fraud in a claim under a mandatory coverage[.]" *Williams v. Farm Bureau Mut. Ins. Co. of Mich.*, No. 349903, --- Mich. App.---, 2021 WL 298963, at *6 (Jan. 28, 2021) (quoting *Meemic Ins. Co. v. Forston*, 506 Mich. 287, 316 (2020)). And here, Plaintiff is seeking mandatory no-fault benefits. *See* ECF 15, PgID 90 (claim for no-fault personal injury protection medical benefits); *Williams*, 2021 WL 298963, at *2 (noting that no-fault personal injury protection benefits are mandatory). Defendant is therefore not entitled to summary judgment because it cannot rescind a policy based on fraud for mandatory no-fault coverage.

*Williams* applies to mandatory insurance coverages. 2021 WL 298963, at *6. But Plaintiff also brought a claim for underinsured motorist benefits. ECF 15, PgID 103–06. And "underinsured[] motorist coverage" is not mandatory because it "is not required by Michigan law." *Dawson v. Farm Bureau Mut. Ins. Co. of Mich.*, 293 Mich. App. 563, 568 (2011). Because *Williams* does not apply, the Court must use the established *Bahri* analysis to determine whether Plaintiff committed fraud under his insurance policy. *See Bahri v. IDS Prop. Cas. Ins. Co.*, 308 Mich. App. 420, 424–25 (2014). To prove that an insured committed fraud, "an insurer must show that (1) the misrepresentation was material, (2) it was false, (3) the insured knew that it was false at the time it was made or that it was made recklessly, without any knowledge of its truth, and (4) the insured made the material misrepresentation with the intention that the insurer would act upon it. A statement is material if it is reasonably relevant to the insurer's investigation of a claim." *Id.* (citations omitted).

Defendant argued that Plaintiff made false statements about whether he had any similar injuries or symptoms before the accident. ECF 28, PgID 731. But "whether an insured has committed fraud is [generally] a question of fact for a jury to determine." *Gable v. Citizens Ins. Co. of the Midwest*, No. 341757, 2019 WL 1460182, at *4 (Mich. App. Apr. 2, 2019) (quoting *Meemic Ins. Co. v. Fortson*, 324 Mich. App. 467, 473 (2018)). What is more, fraud "must be clearly prove[n] by clear, satisfactory, and convincing evidence." *Cooper v. Auto Club Ins. Ass'n*, 481 Mich. 399, 414 (2008). And summary judgment "is inappropriate when questions of motive,

8

intention, credibility, or other conditions of mind are material issues." *Gable*, 2019 WL 1460182, at *4 (citations omitted).

Here, the parties dispute whether Plaintiff made a false statement. During his deposition, Plaintiff testified that although he had some neck and back pain before the accident, the pain was "nothing like it was post-accident." ECF 28-5, PgID 811. Plaintiff also admitted to one of Defendant's insurance adjusters that he had seen a chiropractor three years before the accident to treat scoliosis. ECF 29, PgID 1804. Essentially, Plaintiff's statements show that he experienced a different level of pain as a result of the accident. Thus, the third factor that "the insured knew [the statement] was false at the time it was made or that it was made recklessly, without any knowledge of its truth" is in dispute and Defendant is not entitled to summary judgment resulting from the fraud arguments. *Bahri*, 308 Mich. App. at 424.

Finally, to the extent Defendant brings a common law fraud defense, the argument is inapplicable because a common law fraud defense only applies "if the fraud relat[es] to the inducement to or inception of the contract." *Meemic Ins. Co.*, 506 Mich. at 305. Defendant alleges that the fraud occurred not when the contract was established but when Plaintiff applied for benefits. ECF 28, PgID 725–39. The common law fraud defense is inapplicable and Defendant's second summary judgment motion based on fraud fails.

### B. Striking Plaintiff's Expert

To promote docket efficiency, the Court will hold in abeyance its ruling on Defendant's motion to strike Plaintiff's expert, Dr. Vittorio Morreale. The Court will

9

instead refer the case to mediation. And if the parties are unable to settle the case with the mediator's assistance, the Court will also order the appointed federal mediator to report on and recommend whether the Court should strike Plaintiff's expert.

## CONCLUSION AND CASE MANAGEMENT

For the reasons stated above, the Court will grant in part and deny in part the pending summary judgment motions. The Court will also hold in abeyance its ruling on the motion to strike Plaintiff's expert.

Additionally, because discovery has closed and the Court has now ruled on several of the pending dispositive motions, and due to the ongoing delay in all jury trials in the Eastern District of Michigan because of COVID-19, *see* 20-AO-059, the Court will refer the case to mediation with Mr. Patrick Seyferth. The mediation must occur before April 14, 2021.

If the mediation fails, the Court appoints Mr. Seyferth to aid in determining whether Dr. Morreale should be precluded from testifying. Appointing Mr. Seyferth will promote efficiency, conserve judicial resources, and expedite the ultimate resolution of the case. *See* Fed. R. Civ. P. 53. Mr. Seyferth shall file a report and recommendation of his proposed outcome of the pending motion to strike.

**ORDER**

**WHEREFORE** it is hereby **ORDERED** that Defendant's motion for summary judgment [17] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that summary judgment is **GRANTED** in Defendant's favor on all claims incurred more than one year before the case was filed.

**IT IS FURTHER ORDERED** that summary judgment is **DENIED** on Plaintiff's UTPA claims.

**IT IS FURTHER ORDERED** that Plaintiff's motion for partial summary judgment [18] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendant **IS** the insurer of priority.

**IT IS FURTHER ORDERED** that Plaintiff's request for summary judgment as to reimbursement is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's second motion for summary judgment [28] is **DENIED IN PART**. It is denied as it relates to any fraud committed while applying for no-fault benefits. The Court will hold in abeyance its ruling on the portion of the motion that deals with striking Dr. Morreale.

**IT IS FURTHER ORDERED** that the Court **REFERS** the case to Mr. Patrick Seyferth[1] for mediation and settlement discussions and **ORDERS** the parties to proceed in compliance with Local Rule 16.4. The mediation and settlement discussions shall occur no later than **April 14, 2021**. The parties shall contact Mr.

---

[1] Patrick Seyferth is a private attorney and founding member of the firm Bush Seyferth, PLLC. He can be reached at (248) 822-7802 and at Seyferth@bsplaw.com.

11

Seyferth and provide him with a copy of this order as soon as practicable and shall **NOTIFY** the Court of the date of the mediation session once it is scheduled.

    **IT IS FURTHER ORDERED** that Mr. Seyferth shall **NOTIFY** the Court within seven days of completion of the mediation, stating only the "date of completion, who participated, whether settlement was reached, and whether further [alternative dispute resolution] proceedings are contemplated." E.D. Mich. L.R. 16.4(e)(6). If a settlement is reached, the parties shall **NOTIFY** the Court immediately upon completion of the mediation and shall **SUBMIT** a proposed order of dismissal within 21 days. *Id.* at 16.4(e)(7). If a settlement is not reached, the parties shall **NOTIFY** the Court within seven days of the completion of the mediation.

    **IT IS FURTHER ORDERED** that if the parties are unable to resolve the case with Mr. Seyferth's assistance, Mr. Seyferth shall **SUBMIT** a report and recommendation determining if the Court should permit Dr. Morreale to testify as an expert.

    **SO ORDERED**.

                                               s/ Stephen J. Murphy, III
                                               STEPHEN J. MURPHY, III
                                               United States District Judge

Dated: March 16, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 16, 2021, by electronic and/or ordinary mail.

                                               s/ David P. Parker
                                             Case Manager